TIMOTHY CHOMKOWITZ, as President of the Society and Committee of the Directors, Trustees, etc., of the Russian Greek Orthodox National Church of the Holy Trinity, an Unincorporated Church and /or Religious Society Consisting of More than Seven Members, Appellant, *v.* THE RUSSIAN GREEK ORTHODOX NATIONAL ASSOCIATION, INC. (a Membership Corporation of New York), Respondent.

First Department, March 4, 1927.

Religious corporations — action to restrain defendant corporation from depriving plaintiff of use of church property and for declaration of rights of plaintiff — plaintiff purchased property but defendant was organized to take title — contract between parties provides that plaintiff shall pay for property and all expenses of upkeep — error to deny plaintiff right to prove that money was contributed by plaintiff or members of plaintiff — documentary evidence made out prima facie case.

This is an action by the plaintiff, an unincorporated association, to restrain the defendant corporation from depriving the plaintiff of the use of church property, and for declaration of the rights of plaintiff.

The plaintiff purchased the property and the defendant was organized for the purpose of taking title thereto on behalf of the plaintiff.  The contract between the plaintiff and the defendant is to the effect that the plaintiff would have the exclusive right to use the property for church and social purposes, would pay all expenses of upkeep, taxes, and interest and installments of principal on mortgages.  The defendant covenanted not to sell or mortgage the property without plaintiff's consent, and that it should have no pecuniary benefit by reason of any of the payments to be made by the plaintiff.  The plaintiff contends that the defendant is the holder of the bare legal title.  It was error for the court to refuse to admit in evidence testimony, to supplement the written proof, that the money paid to the seller of the property was contributed by the plaintiff or by the members of the plaintiff, for its benefit.  Moreover, the documentary evidence introduced made out a *prima facie* case for the plaintiff and it was error for the court to dismiss the complaint at the close of the plaintiff's case.

APPEAL by the plaintiff, Timothy Chomkowitz, as president, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of April, 1926, upon the decision of the court rendered after a trial at the New York Special Term.

*Maurice B. Gluck,* for the appellant.

*Joseph Fischer* of counsel [*Herman Joseph* and *Charles J. Katzenstein* with him on the brief; *Thomas H. Mahony,* attorney], for the respondent.

PROSKAUER, J.  The plaintiff, an unincorporated association, sues to restrain the defendant membership corporation from executing a threat to deprive the plaintiff of the use of the church property and to have a declaration by equity judgment of the plaintiff's rights to enjoy such use.

Legal title to the church is in the defendant.  The contract to purchase it was made by the plaintiff.  It was advised that for technical legal reasons it was inexpedient to take the record title in the name of an unincorporated association.  There is evidence tending to show that its officers thereupon caused the defendant corporation to be formed.  Immediately upon its formation and upon the acquisition of title to the property, it executed a grant to the plaintiff of " the exclusive right " to the property " to be used as a church for the worship of God, and such other religious and social purposes as the " plaintiff " may see fit to use the same."  The plaintiff was obligated therein to pay not only all current expenses of upkeep and administration, including interest, taxes and janitor service, but also all installments of principal on mortgages and cost of repairs.  The defendant covenanted therein not to sell, mortgage or incumber the premises without the plaintiff's consent and that it should have no pecuniary benefit by reason of any of the payments to be made by the plaintiff, that the said payments should not be considered as rent, and that the defendant should derive no income from the premises. The plaintiff, however, was forbidden to assign the grant or sublet the premises.  To supplement this written proof, the plaintiff sought to elicit from various witnesses that the money paid to the seller of the property was that either of the plaintiff or of members of the plaintiff who contributed it for the benefit of the plaintiff.  This proffered evidence was rejected and the complaint dismissed.  The evidence was relevant to support the plaintiff's contention that the defendant had but a naked legal title for plain-

tiff's benefit. Moreover, the documentary evidence made out a *prima facie* case.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.